UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN A. BIVIANO III, C.C.C. SRS.,

               Plaintiff,

    -against-

WILKENS YOUNGENS BRIEMANS,
JAMES LYNCH,
ANTHONY RICHARD BIVIANO CONGEMI,
ELIZABETH GUIDIO BIVIANO CONGEMI,
NATALIE GUIDIO, SRS,

               Defendants.
----------------------------------------------------------------X

MEMORANDUM AND ORDER
11-cv-2519 (JFB)(ARL)

JOSEPH F. BIANCO, District Judge:

John A. Biviano, Sr. ("plaintiff") filed the instant action *pro se* on May 25, 2011, against the above-captioned defendants invoking federal question jurisdiction for violations of "false anti I.D. theft laws, ownerships, titles, stock, bond thefts, real estate, corporation theft including hi-jackings, postal theft, false injury claims, insurance," further alleging injuries "throughout body." Accompanying plaintiff's complaint is an application to proceed *in forma pauperis*. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and, for the reasons discussed below, dismisses the complaint *sua sponte* with prejudice.

## BACKGROUND

On October 2, 2009, plaintiff filed a handwritten complaint (09-CV-4556) against numerous defendants (including some of the above-captioned defendants in this action) alleging "harmful & deadly torts," "assaults to commit murder" and "due bodily harm," and requesting "three hundred

billion and 17 dollars" as relief. By Memorandum and Order dated November 4, 2009, this Court dismissed the complaint *sua sponte* without prejudice for failure to comply with the pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure. The Court gave plaintiff 30 days to file an amended complaint. The Court further warned plaintiff that failure to comply with the Court's Order would result in dismissal of the case without prejudice for failure to prosecute. Plaintiff did not file an amended complaint. By Order dated December 8, 2009, the Court dismissed plaintiff's complaint *sua sponte* without prejudice for failure to prosecute.

On December 15, 2009, plaintiff filed another handwritten complaint (09-CV-5541), against two of the above-captioned defendants in this action, invoking the Court's jurisdiction pursuant to "just cause with warrants to search & cond'd" and alleging "conspac'y to all causes with warrants of such causes." The remainder of plaintiff's complaint was a handwritten list of various alleged persons, organizations, torts, and crimes, without any alleged connection between any of the entries on the list. By Memorandum and Order dated January 26, 2010, this Court dismissed the complaint *sua sponte* with prejudice because, whether construed as an amended complaint under docket number 09-CV-4556 or a new complaint in a separate action, plaintiff's complaint was frivolous and he failed to comply with the pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure.

On January 19, 2010, plaintiff filed another handwritten complaint (10-CV-264) against defendants Salvation Army, Department of Social Services, Department of Veteran's Affairs, Department of Motor Vehicles, Department of Finance & Taxation, and Joel Brieman (a defendant in this action), alleging, *inter alia*, violations of the Bill of Rights, "Senior Citizens Handicapped Bias," violations of the "Anti Theft Laws," "Foundation Theft," and "Corporate Theft." Plaintiff

stated that his "injuries" are "complete left side—toes, heel, leg, hip, ribs, both chest, not all indicated by tests at VAMC Doctors but others of different medical fields." By Memorandum and Order dated January 26, 2010, this Court dismissed the complaint *sua sponte* without prejudice for failure to comply with the pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure. The Court gave plaintiff 30 days to file an amended complaint. The Court further warned plaintiff that failure to comply with the Court's Order would result in dismissal of the case without prejudice for failure to prosecute. Plaintiff did not file an amended complaint. By Order dated May 5, 2010, the Court dismissed plaintiff's complaint *sua sponte* without prejudice for failure to prosecute.

On September 21, 2010, plaintiff filed another handwritten complaint (10-CV-4307), again naming some of the defendants in this action, stating that the basis of complaint is an "on going case for eleven years, involm't case for 26 million men, woman, i.d. theft, sex offenders was in state N.Y.-Supreme Courts transfer to other federal courts under federal warrants." By Memorandum and Order dated September 28, 2010, this Court dismissed the complaint *sua sponte* without prejudice for failure to comply with the pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure. The Court gave plaintiff 30 days to file an amended complaint. The Court further warned plaintiff that failure to comply with the Court's Order would result in dismissal of the case without prejudice for failure to prosecute. Plaintiff did not file an amended complaint. By Order dated February 9, 2011, the Court dismissed plaintiff's complaint *sua sponte* for failure to prosecute.

On April 5, 2011, plaintiff filed another handwritten complaint in this action, invoking the Court's jurisdiction pursuant to "[r]e-open cases involvement of prior attachments of: Anti-I.D. theft, false recivement of government pension funds, stocks, bonds, ownerships inclg. D.B.A. also five

'K's involvement Cold War; Vietnam." (Compl. at 2.) Plaintiff's complaint contains many of the same alleged facts and injuries as in the prior above-referenced cases. For instance, Plaintiff states that "[d]ata of 26 million veterans pensions removed from active files, reported to F.B.I., provost marshall, C.I.D. . . . along with prop and I.D. theft." (Compl. at 3.) Furthermore, plaintiff alleges injuries of "lower torso w/both feet, legs, back, spine, head, eyes among some other parts of body P.T.S.D." (Compl. at 3.) In addition, there are no references to the named defendants in the complaint.

On May 25, 2011, plaintiff filed another handwritten complaint (10-CV-2519), again naming some of the same defendants in this action, stating that the basis for the complaint is "false anti I.D. theft laws, ownerships, titles, stock, bond thefts, real estate, corporation theft including hi-jackings, postal theft, false injury claims, insurance" leading to injuries "throughout body." (Compl. at 3.) The complaint contains some of the same allegations that can be found in plaintiff's previous filings. There are, once again, no references to the named defendants in the complaint beyond listing their names.

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires that pleadings present a "short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002). Pleadings are to give "fair notice of what the plaintiff's claim is and the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 335 U.S. 41, 47 (1957), *overruled in part on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007)).

In *Twombly*, the Supreme Court clarified this pleading standard, declaring that:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

550 U.S. at 556 n.3 (quoting *Conley*, 355 U.S. at 47, and citing 5 C. Wright & A. Miller, Federal Practice & Procedure § 1202, at 94, 95 (3d ed. 2004)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

When a complaint fails to comply with the Rule 8 pleading standard, the district court may dismiss it *sua sponte*. *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (quoted in *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000)).

Here, plaintiff's complaint falls far short of giving fair notice of his claim as required under Rule 8(a)(2). The series of scattered allegations is incomprehensible. Defendants cannot be

expected to parse plaintiff's complaint into comprehensible legal claims, or even understand factually the nature of plaintiff's allegations against them. *See, e.g., Mazza v. Caputo*, 05-CV-3546, 2005 WL 2045791, at *1 (E.D.N.Y. Aug. 25, 2005) (dismissing conclusory one-page complaint pursuant to Rule 8).

Although the pleadings of a *pro se* litigant should be liberally construed in his favor, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), a complaint must still set forth a basis for the Court to hear a claim. Because plaintiff fails to allege facts to support clear claims against the defendants, the complaint fails to satisfy Rule 8 and cannot be sustained in its present form. Therefore, the Court dismisses the complaint.

In dismissing plaintiff's complaint, the Court has considered whether to dismiss with or without prejudice. However, the Court declines to provide plaintiff with any additional opportunities to re-plead for two reasons.

First, plaintiff has been given ample opportunity to allege a claim and has failed to do so. Given the similarity between the instant complaint and the prior complaints, the Court could construe the instant complaint as an amendment to the complaint in the previous actions. In any event, whether the Court construes the instant complaint as an amended complaint or a new complaint in a separate action, plaintiff has demonstrated a repeated failure to comply with the requirements of Rule 8. Under these circumstances, the Court declines to grant plaintiff yet another opportunity to re-plead. *See De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 72 (2d Cir. 1996) (noting that the Second Circuit has "upheld decisions to dismiss a complaint without leave to replead when a party has been given ample prior opportunity to allege a claim") (citing *Armstrong v. McAlpin*, 699 F.2d 79, 93-94 (2d Cir. 1983) ("Because the complaint whose allegations were being considered by the

district court was plaintiffs' second amended complaint, the district court did not abuse its discretion in refusing to give plaintiffs a fourth attempt to plead.")).

Second, a court may dismiss without leave to amend when "the substance of the claim pleaded is frivolous on its face." *Salahuddin*, 861 F.2d at 42; *see also Bloom v. United States Government*, 02 Civ. 2352, 2003 U.S. Dist. LEXIS 18087, at *23 (S.D.N.Y. Oct. 7, 2003). "A claim is frivolous when it is vague and incomprehensible, or when it is supported by baseless factual allegations describing fantastic or delusional scenarios." *Bloom*, 2003 U.S. Dist. LEXIS 18087, at *23 (internal citations and quotation omitted). The vague, disjointed, and incomprehensible nature of the instant complaint – which utterly fails to cure the defects in the initial complaint in the earlier-filed actions – further supports this Court's decision to dismiss with prejudice. *See Sorenson v. Suffolk County Child Support Enforcement Bureau*, 07-CV-03755 (JFB)(ARL), 2009 WL 580426, at *8 (E.D.N.Y. Mar. 5, 2009). Thus, under such circumstances, leave to re-plead would be futile.

## CONCLUSION

For the foregoing reasons, the complaint in this action is dismissed with prejudice. The Clerk of the Court shall enter judgment accordingly and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, thus, *in forma pauperis* status is denied for purposes of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: June 6, 2011
       Central Islip, New York